JOURNAL ENTRY and OPINION.
{¶ 1} Curtis Smith appeals from a judgment of the common pleas court sentencing him to a prison term of five years for his convictions of two counts of sexual battery. On appeal, he assigns the following error for our review:
 {¶ 2} "The trial court abused its discretion in sentencing defendant-appellant to the maximum term of imprisonment."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the judgment of the court.
 {¶ 4} On February 13, 2002, 17-year-old S. Williams brought her baby to the Dillard's store at the North Randall shopping mall. While in the store, she was observed shoplifting a sweater by Smith, a fireman who also worked as the store's security camera operator. Smith took Williams to a security room, instructed her to take off her clothes except for her panties and sweater, and said to her: "You can go to jail and lose your baby or you can have sex with me." Smith then took Williams to a stock room and engaged in sexual conduct with her.
 {¶ 5} Based on this incident, a grand jury indicted Smith for three counts of rape, two counts of gross sexual imposition, two counts of attempted rape, and one count of kidnaping. Smith initially pled not guilty to these charges. Immediately before the commencement of trial, he withdrew that plea and pled guilty to two counts of sexual battery, in exchange for the state's dismissal of the remaining counts in his indictment. Subsequently, the court sentenced him to a maximum term of five years for each count of sexual battery, to run concurrently with each other.
 {¶ 6} Smith now asks us to review his sentence, contending that (1) the trial court did not sufficiently support its imposition of a maximum sentence; (2) the record did not indicate the court considered the minimum sentence for him, a first time offender, in accordance with R.C. 2929.14; and (3) his sentence was not consistent with sentences imposed for similar crimes in Cuyahoga County or other jurisdictions.
 {¶ 7} In reviewing a maximum sentence, we refer to R.C. 2929.14(C), which states, in part:
 {¶ 8} "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *.
 {¶ 9} In State v. Edmonson,[1] the court stated that "the record must reflect that the court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Additionally, R.C. 2929.19(B)(2) provides that when imposing a maximum sentence on an offender for a single offense, a trial court must make a finding that gives its reasons for the maximum prison term.
 {¶ 10} Here, in connection with its imposition of a maximum sentence, the court made the finding that Smith committed the worst form of the offense and gave the following reasons:
 {¶ 11} "I am required by Senate Bill 2 to give reasons and findings as to why this is the worst form of the offense. One, you held a position of trust and respect in the community. And in this post-9/11 world, firemen are held in very high regard to the public. You have disgraced your profession.
 {¶ 12} "Every fireman in this community here is held in slightly lower regard because of your actions in this case. And your actions were conducted while wearing the hat of a security guard and police officer. So all of our safety forces here have suffered as a result of your selfish actions.
 {¶ 13} "Reason number two: You used the power of your position to coerce this underage 17-year-old girl into having sex with you.
 {¶ 14} "Reason number three: This was a methodical act. You had sex with her not only in one but two places. In store room number one, sex was difficult there, so you picked her up and you took her over to store room number two and you did it again.
 {¶ 15} "I find that the victim has suffered not only physical but psychological harm. Ms. Williams has indicated that she has been seeing a psychologist, reason number four.
 {¶ 16} "Now, I'd like to mention I find it shocking that someone like you would commit this offense. And equally appalling, not only your position as fireman, but the fact that you have two girls yourself. One of those girls is 15 years old. In two years she's going to be the age of the victim at the time of this offense. How would you like it if someone like you came along and did this to your daughter, Mr. Smith? You are an abhorrent individual." (Tr. 39-41.)
 {¶ 17} The record thus indicates that the trial court, in compliance with R.C. 2929.14(C) and Edmonson, made a finding and gave its reasons regarding one of the criteria listed in R.C. 2929.14(C), namely, that the defendant committed the worst form of the offense. Therefore, his claim that the court did not sufficiently support its imposition of the maximum sentence is without merit.
 {¶ 18} Smith also contends the court failed to consider the minimum sentence for him, a first-time offender. In this connection, R.C. 2929.14(B)states:
 {¶ 19} "If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 20} Interpreting this statute, the court in Edmonson[2]
stated the following:
 {¶ 21} "Based on the recent changes to the sentencing law in Ohio, minimum sentences are favored for first-time imprisonment and maximum sentences are disfavored generally. For instance, R.C. 2929.14(B) requires a trial court to impose a minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender."
 {¶ 22} Here, the record reflects the court made the specific finding that a minimum sentence in this case would demean the seriousness of Smith's conduct; it stated:
 {¶ 23} "It is true that you have not served a prior term before. I do find that a one-year sentence would severely demean the seriousness of your conduct, your offense." (Tr. 37.)
 {¶ 24} Under Edmonson, the trial court is not required to give the reasons for its finding under R.C. 2929.14(B).[3] The court in the instant case, however, in addition to making the requisite finding, provided an analysis for that finding: it cited the young age of the victim, the use of his position of trust and respect to facilitate his offense, and his removing the victim to a different location to accommodate his commission of the sexual offense.
 {¶ 25} Given this record, we conclude the court complied with R.C. 2929.14(B) in its sentencing of Smith as a first-time offender. Finally, Smith contends that his sentence is inconsistent with sentences for similar crimes. He supports his claim by citing two cases from our court where the defendants received a shorter prison term for offenses which he claims were similar to his offenses.
 {¶ 26} Smith's claim is based on R.C. 2929.11, which states:
 {¶ 27} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 28} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 29} In State v. Ryan[4], the court, quoting an article authored by Judge Burt W. Griffin and Professor Lewis R. Katz,[5]
provided the following guideline for a review of a consistency claim under2929.11(B):
 {¶ 30} "The Ohio plan attempts to assure proportionality in felony sentencing through consistency. R.C. 2929.11(B). Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh relevant statutory factors. The task of the appellate court is to examine the available data not to determine if the trial court has imposed a sentence that is in lockstep with others, but whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences.
 {¶ 31} "An obstacle to appellate review for consistency of individual sentences under the Ohio plan is the current lack of acceptable sentencing data and records from which to determine the mainstream sentencing range for specific offenses. Although the Ohio Criminal Sentencing Commission is apparently engaged in a pilot project to collect computerized data to assess consistency, the program has not yet been implemented. Absent such a data bank, however, appellate courts can still compare similar cases for consistency in sentencing.
 {¶ 32} "* * * [A] random list of citations to appellate decisions is of dubious value in this regard since it does not necessarily take into account all the unique factors that may distinguish one case from another. Indeed, to rely on appellate cases alone excludes cases involving sentences that have not been appealed or that have resulted from agreements involving guilty or no-contest pleas. It is difficult to glean from an appellate decision, without the benefit of the entire record, whether the * * * felony [in the cited cases] is, in fact, at all similar to the one under consideration. Ultimately, even with the benefit of these cases, we must ask ourselves whether, pursuant to R.C. 2929.11(B), the sentence was "reasonably calculated to achieve the overriding purposes of felony sentencing" and whether it was `commensurate with the seriousness of the offender's conduct and the impact on the victim.'"[6]
 {¶ 33} Here, the court's consideration of the relevant statutory factors is demonstrated by its extensive comments on the unique distinguishing factors in this case, including the position of trust and respect Smith held, his modus operandi, the psychological harm suffered by the young victim, and his utter lack of remorse. We are satisfied that the sentence it imposed was reasonably calculated to achieve the overriding purposes of felony sentencing, commensurate with the seriousness of his conduct, and the impact on the victim. Accordingly, we conclude Smith's consistency claim lacks merit.[7]
 {¶ 34} Based on the foregoing, we overrule Smith's assignment of error and affirm the judgment of the court.
KENNETH A. ROCCO, A.J., and DIANE KARPINSKI, J., concur.
[1] (1999), 86 Ohio St.3d 324.
[2] Id. at 325.
[3] Id. at 326.
[4] Hamilton App. No. C-020283, 2003-Ohio-1188.
[5] Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W. L.R.Rev. 1.
[6] Id. at ¶ 9-12 (citations omitted).
[7] See, also, State v. Fortson, Cuyahoga App. No. 82231, 2003-Ohio-2753, citing State v. Hunt, Cuyahoga App. No. 81305, 2003-Ohio-175 (R.C. 2929.11(B) does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments).